IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANILO VILLEGAS,

    Petitioner,

v.                                                                                       No. CIV 10-405 MCA/LFG

RAY TERRY, Otero County Processing Center,

    Respondent.

**ORDER FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court *sua sponte*. Petitioner Danilo Villegas ("Villegas") brings a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], alleging that his continued detention by Respondent is unlawful and violates his due process rights.

Villegas is a citizen of Columbia. He was admitted to the United States on about November 26, 1990 as a lawful permanent resident. [Doc. 12, Ex. 1.] In 1997, Villegas was convicted of the offenses of importation of heroin and possession with intent to distribute. [Doc. 12, Ex. 4.] On June 15, 2009, Villegas served 148 months of a 168 month sentence in the Federal Bureau of Prisons in Fort DIX, New Jersey for smuggling heroin.

Upon his release, Villegas was taken into custody by Immigration and Customs Enforcement ("ICE") and has remained in ICE custody since June 15, 2009. [Doc. 1, p. 4; Doc. 10, p. 1.] ICE determined Villegas was subject to mandatory detention during the immigration process in accordance with 8 U.S.C. § 1226(c) because of his drug-trafficking conviction.

1

Villegas's removal case has been set for a master hearing before an immigration judge on a number of occasions. He was not transported in time for the September 2, 2009 hearing, which was reset for October 15, 2009. On that date, Villegas requested counsel, and the immigration judge continued the hearing. Villegas, with counsel, appeared at a December 15, 2009 hearing. Villegas's attorney requested additional time to prepare for the hearing, and it was reset for January 27, 2010. Another continuance was granted for unknown reasons. The hearing occurred on April 12, 2010, at which time the question was raised as to whether the crime of trafficking heroin was an aggravated felony as defined by the Immigration and Nationality Act ("INA") when Villegas committed the crime. The master hearing was continued until May 27, 2010. Villegas was not transported to the May 27, 2010 hearing, but his attorney appeared. The immigration judge informed counsel that Villegas was not eligible for a § 212(c) waiver[1] but gave counsel additional time to research the issue. [Doc. 12, p. 2.] Villegas claims that he was served with an immigration form in 1997 indicating that his offense was not an aggravated felony at that time. [Doc. 11, Ex. 2, p. 2.] Neither party informed this Court of another hearing that has been scheduled or held since May 2010.

On June 1, 2010, Respondent filed an amended motion to dismiss Villagas' petition. [Doc. 10.] Villegas, acting *pro se*, filed a "rebuttal" with lengthy exhibits to the amended motion. [Doc. 11.] On June 22, 2010, Respondent filed a supplemental addendum to the amended motion, informing the Court that the May 27, 2010 hearing occurred, even though Villegas was not present. [Doc. 12.] On July 9, 2010, Villegas filed a response to the addendum, stating that he was

---

[1] Section 212(c) of the INA provides an opportunity for a deportee to seek cancellation of removal based on his having lived in the United States for an extended period of time. 8 U.S.C. section 1182(c). [Doc. 10, n. 2.]

transported to court on May 27, 2010, but for unknown reasons was kept in a holding cell rather than allowed to appear before the immigration judge. [Doc. 13.]

In the amended motion to dismiss, Respondent accurately states that Villegas is not entitled to relief under Zadvydas v. Davis, 533 U.S. 678 (2001), because he is not subject to a final removal order at this time. [Doc. 10, pp. 3-4.] However, Respondent argues that Villegas's detention has not been unreasonably prolonged. [Doc. 10, p. 9.] Respondent reaches this conclusion after examining a number of factors set forth by the Sixth Circuit Court of Appeals in Ly v. Hansen, 351 F.3d 263, 271 (6th Cir. 2003), including the overall length of detention, whether the detention is for a longer period than the criminal sentence for the crimes resulting in the deportable status, whether actual removal is reasonably foreseeable, whether the immigration authority acted promptly to advance its interests, and whether the detainee engaged in dilatory tactics in the immigration court. [Doc. 10, pp. 9-10.]

The Respondent engages in a lengthy discussion of the above-stated factors along with argument that Villegas's conviction was an aggravated felony. In so doing, Respondent states that the term "aggravated felony" "was amended through a patchwork of statutes with different effective dates." [Doc. 10, p. 13.] Respondent further claims that Villegas has caused the delays in his immigration proceedings by changing tactics and theories, hiring attorneys, and asking for more time to find evidence and develop legal theories. [Doc. 10, p. 14.] Respondent also states that there is no indication that ICE will not be able to deport Villegas quickly in the event that his removal order is entered on June 16, 2010. [Id.]

As stated previously, the Court was not informed when Villegas's next immigration hearing was scheduled to be held. It is now almost two months after June 16, 2010, and Respondent has not advised the Court that a removal order was entered or that Villegas was deported.

Under these circumstances, the Court elects to appoint counsel for Villegas, rather than issue a recommendation on the amended motion to dismiss. A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *See* Snyder v. Ortiz, 236 F. App'x 465, 467, 2007 WL 1678009 (10th Cir. June 12, 2007) (unpublished opinion) (*citing* 18 U.S.C. § 3006A(a)(2)(B)). The Court determines that the interests of justice require appointment of counsel in this case where the area of law is new and evolving. *See, e.g.,* Rodrigques v. Holder, 2010 WL 830929, *5 (M.D. Pa. Mar. 4, 2010) (unpublished opinion) (discussing a series of considerations the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); Prince v. Mukasey, 593 F. Supp. 2d 727, 734-35 (M.D. Pa. Dec. 11, 2008) (noting that "the case law review . . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order removal detainees for a lengthy period may raise constitutional concerns").

The Court recognizes that, generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008). However, appointment of counsel in habeas proceedings is left to the court's discretion. Pride v. Herrera, 28 F. App'x 891, 895, 2001 WL 1545768 (10th Cir. Dec. 5, 2001); Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

Based on the complexity of the law regarding whether Villegas was convicted of an aggravated felony for purposes of his immigration proceedings, the lack of clarity as to why Villegas was not transported to the immigration hearings on several court dates, and the unknown status of Villegas's immigration proceedings, the Court determines that the interests of justice warrant appointment of counsel in this case. Moreover, the Court believes briefing by counsel on the

amended motion to dismiss would be of assistance, particularly with respect to whether Villegas's pre-removal order detention has been unreasonable under the circumstances.

IT IS THEREFORE ORDERED that counsel be appointed in this case, at which point counsel will be allowed thirty (30) days to supplement the pertinent pleadings or file a response to the amended motion to dismiss and related pleadings.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge